No. 3257. MARJENHOFF *v.* MARJENHOFF, November Term, 1893. These were motions, the nature of which are fully stated in the following order, filed November 29, 1893,

PER CURIAM. Counsel for plaintiff, appellant, moved upon affidavits to reinstate the appeal dismissed by the clerk under

35—40

Rule 1; and counsel for defendant, trustee, respondent, moved, in case this motion should be granted, to dismiss the appeal, under Rule 49 of the Circuit Court.

As to the first motion: there can be no question as to the duty of the clerk to dismiss the appeal upon the showing made before him; and the appellant should then move to reinstate the appeal, if he has proper grounds therefor. In this case the record constituting the return was completed when the exceptions were served on the 8th day of June, 1893. The "Case," technically so called, was not agreed upon, however, until the 18th day of June, 1893, and counsel for appellant seems to have supposed that this was necessary to complete the return. Rule 2 of the court prescribes what the return shall consist of, to wit, copies of the judgment roll, the notice of appeal and exceptions, or, if the appeal is from an order, as allowed by the Code of Procedure, copies of the order appealed from, with the papers upon which the court below acted in granting the order, together with the notice of appeal and the exceptions. The "Case" is not a part of the judgment roll, and, therefore, not a part of the return. See *Davis* v. *Hood, sheriff*, decided by this court November 22d, 1887; *Tribble* v. *Poore*, No. 2,235, May 14th, 1888, 28 S. C., 565.

The appellant complains that the time in which he was to have filed the return was cut down to twenty days. But the time—forty days—as required by the old Rule, had expired before he obtained an extension of time from the Circuit Judge. Judge Izlar's order extending the time for filing the return was made on the 22d of July. The time by that order was extended to the 27th of July. The return was filed on that day, viz, 27th of July. The clerk dismissed the appeal on the 25th of July, before the order of the Circuit Judge and the return was filed in his office. The twenty days allowed by the new Rule expired on the 28th of June. Under the old Rule, the time expired on the 18th of July. It has been decided as far back as *Scurry* v. *Coleman*, 14 S. C., 168, that the application for extension of time must be made within the time allowed by the rule. The Circuit Judge could not extend the time which had already expired. Appellant's counsel urges, that he had

at the time such a pressure of business, that he called to his assistance other counsel to prepare the case, which was very voluminous and difficult; that said counsel expected him to file the case, and that he was relying upon said counsel to do so, and that the matter consequently was neglected. Rule 2 prescribes that the court may reinstate an appeal dismissed by the clerk under Rule 1, upon it being made to appear to the satisfaction of the court that the default on the part of the appellant has arisen from some excusable neglect. The court does not consider the excuse for the default excusable neglect or an inadvertence.

As to the respondent's motion to dismiss the appeal under Rule 49 of the Circuit Court, in case the court reinstated the appeal under Rule 2, the questions thereunder do not properly arise, as appellant's motion cannot be granted. However, it may be said that the respondent would be entitled to the benefit of Rule 49, if necessary. There is no evidence before the court that the appellant has ever filed his "Case" or exceptions, as required by Rule 49. This Rule is a very hard Rule, and has, perhaps, caused some hardship, and may be changed; but it was then, and is now, in force, and parties have a right to invoke its exercise. If they apply for its benefit, the court is compelled to enforce its provisions, however reluctant to do so. Motion of appellant refused. *Trenholm & Rhett*, for the motion. *W. H. Thomas*, contra.